IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY D. SIMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 21-00313-JB-MU |
| **US VETERANS ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the United States' Motion to Dismiss (Doc. 4) and Plaintiff Larry D. Simpson's ("Plaintiff's") Response in Opposition (Doc. 6). This matter is ripe for review by the Court.

**I.   Background and Procedural History**[1]

On July 16, 2021, Plaintiff Larry D. Simpson ("Plaintiff") filed a *pro se* Complaint against the "VA DEPARTMENT OF VETERANS AFFAIRS" ("VA") regarding his removal as a VA fiduciary with respect to "Lee Paceocie" ("Pace").[2]  (Doc. 1). The Complaint identifies the Plaintiff as follows: "LARRY D. SIMPSON AS VA FEDERAL FIDUCIARY ON BEHALF OF LEE PACEOCIE." (*Id*.). The Complaint includes a one-paragraph statement of facts asserting he was wrongfully removed as fiduciary in violation of various constitutional provisions as well as 42 U.S.C. §§ 1983, 1985, and 1986. (*Id*.). Specifically, the Complaint alleges the VA "refused and failed to afford plaintiff due

---

[1] The factual discussion is drawn from Simpson's complaint and the two exhibits attached to that pleading.

[2] The Complaint includes multiple spellings of the veteran's name. The Complaint indicates that the veteran's name is "Lee Paceocie," but one of the exhibits appears to reflect the veteran's signature as "Ocie Lee Pace." The United States used "Pace" as the veteran's name throughout its Motion to Dismiss brief and the Court will do the same.

process of law before stripping the plaintiff of VA federal fiduciary status" and that Plaintiff "has complied with all requirements to continue serving as VA federal fiduciary." (*Id*.).

Plaintiff contends the VA's decision "has caused plaintiff harm, expense[,] and stress." (*Id*.). Plaintiff requests several forms of relief, including an order of reinstatement as a VA fiduciary, an order to prevent his future removal, and "any and all judicial relief that apply to the circumstances of this federal matter." (*Id*.). Plaintiff signed the Complaint noting below his signature the status of "VA Federal Fiduciary remove/payee." (*Id*.).

Two exhibits are attached to the Complaint. Exhibit A is a June 22, 2021 letter from the VA informing him that the VA had certified a new payee for Pace's benefits. (*Id.*). The letter directed Plaintiff to send any of Pace's VA funds in his possession to White Sands Guardians, Inc., and provided additional instructions regarding the retention of records related to his work as Pace's fiduciary. (*Id*.). Exhibit B is a one-page statement, purportedly signed by Pace, disagreeing with the VA's decision to remove Plaintiff as fiduciary. (*Id.*). The document includes the notation "Board of Veterans Appeals." (*Id.*).

II.  **Standard of Review**

The Motion to Dismiss requires the Court to consider several standards of review. Initially, because Plaintiff is a *pro se* litigant, the Court must construe his Complaint liberally. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Liberal construction however, is not without it limits. The Eleventh Circuit has recognized, "'even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd*., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla*., 132 F.3d

2

1359, 1369) (11th Cir. 1998), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)); *see also United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (reiterating the rule from *GJR Investments* regarding the limitations on re-interpretation of pro se pleadings).

Regarding jurisdiction, this Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Generally, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). An attack on jurisdiction may be either facial or factual in nature. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). A facial attack requires the Court to consult the face of the complaint to determine whether it has alleged an adequate basis for jurisdiction, and factual allegations in the complaint are treated as true. *Id*. In contrast, a factual attack challenges the existence of jurisdiction with material that extends beyond the pleadings. *Id*.

As for the substance of a pleading, the Court should dismiss a complaint if it fails to state a claim upon which the Court may grant relief. *See* Fed. R. Civ. P. 12(b)(6). At the motion-to-dismiss stage, the Court must treat the facts alleged in the complaint as true, drawing inferences in the plaintiff's favor, and determining whether the asserted facts state a plausible claim for relief. *See Carruth v. Bentley*, 942 F.3d 1047, 1053 (11th Cir. 2019).

### III.   Analysis – This Court lacks Subject Matter Jurisdiction

Plaintiff's Complaint challenges a decision of the VA removing him as a fiduciary for Pace. The VA has been vested with authority by Congress to appoint and manage fiduciaries for veterans:

> "[w]here it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits under any law administered by the Secretary may be made directly to the beneficiary or to a relative or some other fiduciary for the use and benefit of the beneficiary, regardless of any legal disability on the part of the beneficiary."

38 U.S.C. § 5502(a)(1).  Additionally, Congress established certain statutory criteria for fiduciary appointments.  *Id*. at § 5507.  The VA is also empowered to create rules and regulations to carry out its responsibilities.  *Id*. at § 501.

The VA has exercised that authority and has promulgated regulations clarifying a fiduciary's responsibilities.  *See* 38 C.F.R. § 13.140 (outlining the responsibilities of fiduciaries).  Relevant to this case, the VA has broad regulatory authority to remove a fiduciary.  Specifically, the regulations establish that "[t]he Hub Manager may remove a fiduciary if the Hub Manager determines that fiduciary services are no longer required for a beneficiary or removal is in the beneficiary's interest."[3]  *Id*. at § 13.500(a).  The regulation provides a non-exhaustive list of reasons that may justify removal of a fiduciary.  *Id*.  The regulation also provides procedures for removal, including notice to the fiduciary and beneficiary as well as a process to transfer supervision of the funds.  *Id*. at § 13.500(b).

Finally, a separate regulation confirms the VA has broad discretion to manage fiduciaries.  That regulation sets out, subject to limited exceptions specified within the regulation, "VA decisions regarding fiduciary matters are committed to the Secretary of Veterans Affairs' discretion by law, as delegated to subordinate officials under this part, and cannot be appealed to the Board of Veterans' Appeals or any court."  *Id*. at § 13.600.  A beneficiary may appeal certain

---

[3] The "Hub Manager" is "the individual who has authority to oversee the activities of a VA Fiduciary Hub or the Veterans Service Center Manager of the Manila, Philippines, VA Regional Office."  38 C.F.R. § 13.20.

4

designated determinations only to the Board of Veterans' Appeals, including the appointment or removal of a fiduciary.  *Id*. at §§ 13.600(a)(1) and 13.600(a)(2).

Federal courts are courts of limited jurisdiction and may only utilize powers granted by the Constitution and statutes.  *See Mirage Resorts, Inc. v. Quiet Nacelle Corp*., 206 F.3d 1398, 1400 (11th Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3).  Even giving Plaintiff's Complaint the most liberal construction possible, it is apparent the Court lacks jurisdiction because the Veterans' Judicial Review Act (the "VJRA") precludes judicial review in this Court.  38 U.S.C. § 511.

Stated simply, the VJRA prohibits Plaintiff from challenging the VA's removal of Plaintiff as a fiduciary in this Court.  To the contrary, the VJRA unequivocally closes the door on Plaintiff's suit in this Court and this action must be dismissed for lack of subject matter jurisdiction.

The burden is on the party bringing a lawsuit in this Court to establish that federal jurisdiction exists.  *See Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  Plaintiff cannot make this showing here because the statutory framework for review of veterans' benefit claims forecloses his present action in this Court.  With respect to such claims, Congress has provided as follows:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).  Subsection (b) enumerates certain narrow statutory exceptions to this broad prohibition on judicial review.  *Id*. at § 511(b).

The Eleventh Circuit has expounded on § 511, explaining that "under the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect

5

to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals[,] and the Supreme Court." *Hall v. U.S. Dept. of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996). Just last year, the Eleventh Circuit again addressed Section 511(a) at length, observing that "[i]t is obvious that any type of substantive benefits decision itself is unquestionably shielded from judicial review by § 511(a)[,]" while noting as well that "in addition to precluding judicial review of any substantive benefits determination by the Secretary, the VJRA also precludes judicial review of any decision made by the Secretary in the course of making a benefits determination." *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021) (internal quotations and other alterations omitted).

This Court concludes that Plaintiff's Complaint seeks to set aside a decision by the VA "that affects the provision of benefits" to Pace. 38 U.S.C. § 511(a). Therefore, this Court lacks jurisdiction over the claim and must dismiss it.

As a statutory and regulatory matter, the appointment and oversight of a fiduciary affects the payment of a veteran's benefits. Indeed, Congress spoke in the terminology of benefits when it addressed the appointment of fiduciaries. Specifically, Congress authorized "payment of benefits under any law administered by the Secretary" to a beneficiary directly "or to a relative or some other fiduciary for the use and benefit of the beneficiary . . .." *Id*. at § 5502(a)(1). Put another way, a decision to appoint a fiduciary "affects the provision of benefits" because it changes the way benefits are paid and initiates a separate supervisory process governed in part by statutes and in large part by the VA's regulations.

The VA's regulations, in turn, corroborate the interpretation that the VA's appointment and oversight of fiduciaries is not reviewable judicially. A regulation provides that, except for

narrow exceptions, "VA decisions regarding fiduciary matters are committed to the Secretary of Veterans' Affairs discretion . . ., and cannot be appealed to the Board of Veterans' Appeals or any court." 38 C.F.R. § 13.600 (emphasis added). The regulation includes an exception that allows for appeal of a decision to remove a fiduciary, but this exception applies only to the beneficiary and only permits an appeal to the Board of Veterans' Appeals. *Id*. at § 13.600(a)(2).

The Eleventh Circuit has addressed the fiduciary provisions in a pair of unpublished decisions relevant to this case. In *Henderson v. United States*, the court addressed a plaintiff's claim, styled as a tort action, alleging the VA improperly disbursed a payment to a long-term care facility without conducting an adequate investigation. 612 F. App'x 578, 578 (11th Cir. 2015) (unpublished). The district court concluded exclusive jurisdiction rested with the VJRA, and the Eleventh Circuit affirmed the district court's dismissal of the case. *Id*. at 579. As the court explained, "[t]he district court interpreted the [p]laintiff's complaint as doing nothing more than challenging the proper selection of a legal custodian or fiduciary to receive benefits under 38 U.S.C. §§ 5502 and 5507." *Id*. The Eleventh Circuit agreed with this conclusion and "further agree[d] with the district court that this is a decision covered by Section 511(a)." *Id*. The court rejected plaintiff's "effort to end-run jurisdictional exclusivity by arguing that the VA's negligent failure to follow its own rules for selecting a fiduciary was actionable in tort." *Id*. Earlier this year, the Eleventh Circuit addressed another complaint regarding the VA's management of fiduciaries and again noted that "Section 5502, which governs payments to and supervision of fiduciaries, is a law affecting the provision of veterans' benefits." *Andrews v. Sec'y, Dept. of Veterans Affairs*,

845 F. App'x 880, 884 (11th Cir. 2021) (unpublished).  The Eleventh Circuit also rejected the *Andrews* plaintiffs' efforts to avoid the VJRA by styling their claim as a tort claim.[4]  *Id*.

In a procedurally similar case, the Southern District of Mississippi found a removed fiduciary challenge of the VA's removal decision could not be heard by the district court.  *Hill v. United States*, 2018 WL 1902375 (S.D. Miss. April 20, 2018).  In *Hill*, the VA terminated a fiduciary's appointment for failure to submit proper accountings and appointed a successor fiduciary.  *Hill*, 2018 WL 1902375, at *1.  The removed fiduciary filed a state court action to transfer the benefits from the successor-managed account to him.  *Id*.  The VA removed the case and moved to dismiss it for lack of subject matter jurisdiction.  *Id*.

The district court dismissed the lawsuit, noting "[a] party dissatisfied with the VA's resolution of a benefits-related issue cannot simply sue; he must instead pursue a specific appellate dispute-resolution path."  *Id*. at *3.  The court concluded that the VA's decision to appoint a successor trustee and remove the initial trustee arose under § 5502 and that this decision affected the provision of veterans' benefits under § 511(a).  *Id*.  The *Hill* court construed the VJRA against the backdrop of a fiduciary's removal because its reasoning is consistent with both statutes.

Finally, the Court's analysis is not changed by Plaintiff's reference to his claims in constitutional terms.  While the Eleventh Circuit certainly suggested in *Hall* that federal courts may have jurisdiction to entertain certain facial constitutional challenges to statutes that affect

---

[4] Although *Henderson* and *Andrews* are unpublished decisions, they are persuasive.  Indeed, both decisions are consistent with the scope and purpose of the statutory and regulatory regime concerning the appointment and removal of fiduciaries.  The decisions also are consistent with the purposes of the VJRA, as they recognize that VA's extensive discretionary authority to manage benefits payments to veterans.  Moreover, although these decisions do not directly address the removal of a fiduciary, the decisions persuasively explain that the VA's entire appointment and oversight process affects the payment of benefits.

veterans' benefits, it declined to decide the issue "[b]ecause the face of the complaint in the present case did not specify that a statute was under constitutional attack . . .." *Hall*, 85 F.3d at 535.  While Plaintiff's Complaint does reference particular statutes, the Complaint as a whole, reveals Plaintiff's ultimate target.

Plaintiff's prayer for relief reveals the true purpose of his Complaint:  he wants the VA to reverse its decision and reappoint him as fiduciary for Pace.  Plaintiff is clearly challenging a benefits determination, not the constitutionality of the VA fiduciary regime.  Specifically, "plaintiff seeks an order of injunction and reinstatement of VA federal fiduciary status as existed before June letter notice as attached."  (Doc. 1).  In other words, Plaintiff does not raise a wholesale challenge to the VA system regarding fiduciaries.  He did not identify any statute that was supposedly unconstitutional or identify any specific constitutional infirmities within the VA system.  Rather, Plaintiff seeks reinstatement as a fiduciary within the existing VA system.  His vague request for a "protective order" from future removal only reinforces the point: once returned, Plaintiff wishes to keep his fiduciary status, which directly contradicts the VA's determination.  The mere inclusion of constitutional language in the complaint does not bring this action outside the scope of the VJRA.  *See, e.g., Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("Although Sugrue's complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms."); *Walton v. Sec'y of Veterans Admin.*, 187 F. Supp. 3d 1317, 1326–27 (N.D. Ala. 2016) (recognizing that a veteran cannot circumvent the VJRA's jurisdictional limitations by framing a benefits claim in constitutional terms); *Hernandez v. Veterans' Admin.*, 2018 WL 1721753, at *3-4 (P.R. Dist.

March 30, 2018) (recognizing that constitutional allegations did not "bestow subject matter jurisdiction" to the district court when in reality the complaint was a challenge to the VA's benefits decision).

Plaintiff's Complaint as pleaded falls within the exclusive provisions of the VJRA and this Court is without subject matter jurisdiction over his claims. Accordingly, this Court must dismiss his Complaint.[5]

**IV.     Conclusion**

For the reasons set out herein, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and the United States' Motion to Dismiss is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

**DONE and ORDERED** this 26th day of January, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The United States also contends Plaintiff's Complaint should be dismissed because Plaintiff has not pleaded facts demonstrating the United States' waiver of sovereign immunity, that Plaintiff lacks standing to bring this action and that the Complaint as pleaded fails to state a claim for which relief can be granted. Because the Court finds that it lacks subject matter jurisdiction, it does not address the additional reasons the United States contends support dismissal.